IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, *et al.*,<br><br>    Defendants. | ORDER TO SHOW CAUSE<br><br><br><br>Case No. 2:10-cv-33 CW |

  In the complaint, Plaintiff alleges that jurisdiction in this court is based on diversity under 28 U.S.C. § 1332(a).  Plaintiff alleges that it is a Utah limited liability corporation, having its principal address in Sandy, Utah.  Plaintiff further alleges that Defendant The Bank of New York Mellon is a Delaware corporation with its principal place of business in New York, that Defendant Recontrust Company, N.A. has it principal place of business in Texas, and that Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation, with its principle place of business in Virginia.  In addition, Plaintiff names John Does of Unknown Number, alleging the "unnamed defendants are persons who may have or assert an interest in the subject property as investors in the obligations purportedly secured thereby." (Complaint ¶ 6.)

  Plaintiff, however, fails to allege any information from which the state citizenship of such unnamed Defendants can be determined.  Nor does Plaintiff allege a state of incorporation for

Recontrust. An issue thus arises on the face of the complaint about whether the court has diversity jurisdiction. *See, e.g., Howell v. Tribune Entertainment Co.,* 106 F.3d 215 (7th Cir. 1997).

The court therefore ORDERS Plaintiff to show cause within 10 days as to why the complaint should not be dismissed for lack of jurisdiction.

Moreover, the named Defendants' deadlines to respond to the Complaint are STRICKEN. If the court determines that it has jurisdiction in this case, it will set new deadlines to respond in due course.

SO ORDERED this 25th day of February, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge