E. Craig Smay  #2985
174 E. South Temple
Salt Lake City, Utah 84111
Telephone Number (801) 539-8515
Fax Number (801) 539-8544

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH,
CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC. | **RESPONSE TO ORDER TO SHOW CAUSE** |
| *Plaintiff,* | |
| vs. | Case No. 2:10-CV-33 CW |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2007-9, RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,  AND JOHN DOES OF UNKNOWN NUMBER, | Judge Clark Waddoups |
| *Defendants.* | |

   Plaintiff responds herewith to the Court's Order of February 18, 2010, to Show Cause why the Court has diversity jurisdiction of this matter insofar as the complaint names "John Doe" defendants.

   The Court is asked to bear in mind that the Complaint asserts four causes of action:

   1.  For declaratory judgment that, because the trust deed in issue has been "securitized", and the Note which it secures sold as part of a "mortgage backed security", the original "lender",

it successors, nominees and agents have lost authority to collect payments, declare a default, or foreclosure the security under §57-1-35, UCA (1953).

    2. For refund of fees and cost improperly collected by or on behalf of the "lender";

    3. For a decree of quiet title clearing the subject property of the lien of the trust deed; and

    4. For a determination that persons asserting an interest in the obligation or the security are bound by the actions of "servicers" they have permitted to represent themselves as agents of such persons.

Only the quiet title claim affects the unnamed parties. The declaratory judgment claim disputes the interest of the named parties under the Trust Deed. Only named parties have permitted "servicers" to act on their behalf, or have collected fees subject to refund.

Quiet Title

"[P]ersons who may have or assert an interest in the subject property as investors in the obligations purportedly secured thereby" have been named as "John Doe" defendants in pursuit of the quiet title cause only. Quiet title is a statutory action settling opposing claims to property. The present "Does" are unnecessary to the declaratory judgment or refund claims.

Utah law does not *require* that unknown persons who may assert an unknown claim to realty be joined in a quiet title action. See §78 B-6-1301 et seq., UCA (1953). They are not bound by the decree, however, if they are not. Largely for purposes of judicial economy and stability of titles, the statute permits joinder of such persons upon service by publication. §78B-6-1304, UCA (1953).

Diversity Jurisdiction of "John Does"

It is generally held that where a plaintiff has reason to know of the existence of a necessary defendant - such as a joint tortfeasor - but does not know such person's identity or citizenship, an action cannot be maintained on diversity by naming such a person by a fictitious name. Federal courts will require that *before* the action proceeds, identity and citizenship be discovered and alleged, because it must be essential to entry of any sound judgment. That is the rationale of such Seventh Circuit cases as *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7 Cir. 1997), and *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7 Cir. 1996). Even the Seventh Circuit, however permits jurisdiction to be maintained until the *existence* of unnamed parties is known, treating them meanwhile as "nominal parties".

This is shown by *Moore*:

> The problem with Moore's suit is that he also named as defendants "Does 1-10." Because diversity jurisdiction must be proved by the plaintiff rather than assumed as a default, *Pollution Control Industries of America v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994), this court cannot presume that Does 1-10 are diverse with respect to the plaintiff. This is not a case, however, where the plaintiff knows that there are specific additional defendants he wishes to sue, but is simply uncertain as to their names. Rather, Moore appears to have included "Does 1-10" in the complaint in the event that during discovery he identified any additional defendants he wished to add to the suit. The district court terminated discovery and dismissed Moore's suit before he could add any additional defendants. Because, as we hold below, the district court correctly dismissed this suit before Moore named any additional parties, we think it proper to treat "Does 1-10" as mere nominal parties, whose presence does not affect diversity jurisdiction. *United States Fire Ins. Co. v. Charter Financial Group*, 851 F.2d 957, 958 n. 3 (7th Cir. 1988). Hence, we conclude that

>	the district court had diversity jurisdiction to hear
>	this suit.

91 F.3d at 850. The result in *Moore* might have been different if the fictitiously named defendants were known participants in actions creating the alleged cause of action, such as joint tortfeasors. See *Molnar v. National Broadcasting Co.*, 231 F.2d 684 (9 Cir. 1956).

The "John Does" in *Moore* were nominal parties, the actual existence of which, as well as identity, was unknown. Thus, until actual existence and identity were shown, the district court had diversity jurisdiction, based on diversity of the named parties, to dispose of the suit (by finding the named parties immune). Similar rulings are found in *Hannah v. Major's*, 35 FRD 179 (W.D. Mo. 1964) and *Ward v. Connors,* 495 F. Supp. 434 (E.D. Va. 1980), rev'd oth. gds. 657 F.2d 45 (4 Cir. 1981), cert. den. 455 U.S. 907.

In the present quiet title case it is unknown whether the John Doe defendants exist, what their citizenship may be, or whether they will assert or waive any claims. This is because information regarding such persons is within the exclusive control of defendants. This raises the issue whether defendants which withhold such information can obtain a dismissal for lack of diversity jurisdiction by simply withholding information showing non-existence of such persons, or diverse citizenship of such persons.

Because the citizenship of a *possible* party affects diversity jurisdiction only to the extent that he is a *necessary* party, jurisdiction may be preserved by omitting unnecessary parties.

Thus, it would appear that a quiet title action may be maintained against named parties whose citizenship is diverse, and against fictitiously named parties whose identity and claims are

unknown, at least until such time as any such unknown person is disclosed or`asserts a claim. It could be maintained thereafter if any such party appearing were diverse.

The difficulty identified by the Court in similar matters (see, *e.g.*, Order and Memorandum Decision 2/12/10 in Case No. 2:09-cv-1148 CW) is avoided by limiting inclusion on the quiet title claim of unnamed defendants to non-citizens of Utah. Notice served by publication would then be drafted to require response only from non-citizens of Utah.

Quiet title will lie in Utah against unknown parties, but no decree entered is binding upon those not properly served by publication. The fact that a decree may not be binding upon others does not affect the validity of the decree against those properly joined. It is entirely possible to seek quiet title only against a particular defendant or defendants, with regard to a particular title claim.

It is likely that, because mortgage-backed securities were ordinarily sold to large institutional investors, the purchasers were not citizens of Utah. In any case, it is possible to draft service by publication to include only non-citizens of Utah as defined by the diversity statute.

In the latter case, three possibilities exist. (1) Discovery will sustain the presumption that the unnamed defendants are not citizens of Utah. Until such time, such defendants are properly treated as nominal parties even under the Seventh Circuit's minority view set out in *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7 Cir. 1997). (2) It would be disclosed that Utah citizens purchased the mortgage-backed securities, and in due course, were made by whole redemption of a "credit default swap" purchased with fees exacted from the borrower. Such persons no longer have an interest, and are not proper parties. (3) Evidence will appear that Utah citizens bought the pertinent mortgage-backed securities, and have a current interest. In the latter

case, a separate State court quiet title action might be filed. This would not affect validity of a decree against those served as indicated.

It would also be possible to separate the quiet title action entirely, and file it initially in the State court. This seems inefficient and unnecessary, however, until evidence appears to indicate that citizens of Utah are involved.

The Court may maintain jurisdiction pending discovery of information in the exclusive control of named defendants. Upon disclosure of such information, the action may be amended by naming additional parties without disrupting jurisdiction. Any present amendments to the pleading to adopt this posture are readily made.

RESPECTFULLY submitted this 9th day of March, 2010

_____/s/ E. Craig Smay_____

E. Craig Smay, Attorney for Plaintiff